United States District Court
Southern District of Texas

**ENTERED**

January 07, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **DAWUD ABDULLAH,** TDCJ #02522845, | § § § § | |
| **Petitioner,** | § § § | |
| **V.** | § § | **CIVIL ACTION NO. 5:25-CV-292** |
| **ERIC GUERRERO,** | § § § | |
| **Respondent.** | § § | |

## ORDER

State inmate Dawud Abdullah (TDCJ #02522845) has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from his conviction and sentence for human smuggling. (Dkt. No. 1). Acknowledging that some of his claims are not yet exhausted, Petitioner invokes *Rhines v. Weber*, 544 U.S. 269 (2005), which the Court liberally construes as a request to stay this action pending exhaustion of state remedies. He represents that he has filed a state habeas application for his claims regarding ineffective assistance of counsel that are still pending in state court.

The United States Supreme Court has held that a habeas petitioner may avoid having his petition dismissed as barred by the statute of limitations "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines*, 544 U.S. at 278). The Fifth Circuit has also recognized that a habeas applicant may file a protective petition to preserve federal review. *See, e.g.*, *Madden v. Thaler*, 521 F. App'x 316, 321 (5th Cir. 2013) (noting that a time-barred petitioner could have filed a protective petition and requested a stay within the prescriptive period).

Abdullah is attempting to exhaust his remedies in state court, and there is no indication at this time that he intentionally engaged in undue delay. Under these circumstances, a district court is within its discretion to stay and abate, rather than

dismiss, an unexhausted petition. *See Brewer v. Johnson*, 139 F.3d 491, 492–93 (5th Cir. 1998).

Accordingly, this case is **STAYED** and **ADMINISTRATIVELY CLOSED** pending exhaustion of state remedies. For this case to proceed, Abdullah must file a Motion to Reinstate within 30 days of the date he is notified that the Texas Court of Criminal Appeals has ruled on his pending state habeas application. No extensions will be granted without a showing of good cause.

The Clerk of Court is **DIRECTED** to mail a copy of this Order by any receipted means at the address indicated in Petitioner's most recent filing.

IT IS SO **ORDERED**.

**SIGNED** on January 7, 2026.

John A. Kazen
United States District Judge