United States District Court
Southern District of Texas
**ENTERED**
April 28, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **DAWUD ABDULLAH,** | § | |
| **TDCJ #02522845,** | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:25-CV-292** |
| | § | |
| **ERIC GUERRERO,** | § | |
| | § | |
| **Respondent.** | § | |

**ORDER**

Pro se Petitioner Dawud Abdullah (TDCJ #02522845) filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction and sentence. (Dkt. No. 1). Before the Court is Petitioner's Motion to Reinstate Petition for a Writ of Habeas Corpus (2254), asserting that the Texas Court of Criminal Appeals has ruled on his state application and requesting that this case be reopened. (Dkt. No. 10).

On January 7, 2026, the Court stayed and administratively closed this case because it was evident from the pleadings that Petitioner had not fully exhausted his state remedies. (Dkt. No. 7). That Order provided that Abdullah could move to reinstate this case "within 30 days of the date he is notified that the Texas Court of Criminal Appeals has ruled on his pending state habeas application." (*Id.* at 2). On April 22, 2026, Petitioner filed the instant motion to reinstate his petition. (Dkt. No. 10). State records reflect that on April 2, 2026, the Texas Court of Criminal Appeals denied his application without written order. *See Ex parte Abdullah*, WR-97,430-01 (Tex. Crim. App. Apr. 2, 2026). Petitioner filed the motion within 30 days of the resolution of his appeal, and his motion is timely.

Under 28 U.S.C. § 2241, *et seq.*, and the Rules Governing Section 2254 Cases in the United States District Courts, the Court **ORDERS** as follows:

1. Petitioner's Motion to Reinstate Petition for a Writ of Habeas Corpus (2254), (Dkt. No. 10), is **GRANTED**, and this case is **REINSTATED**.

2. Preliminary examination of Petitioner's application for a writ of habeas corpus indicates that an answer is needed.

3. Respondent shall file an answer to the petition, in compliance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, within **sixty (60) days** of the date of this Order**.** Respondent shall forward a copy of same to Petitioner.

4. If appropriate, Respondent's answer shall contain: (a) a statement of the authority by which Petitioner is held, and if held under the judgment of any court(s) the name of such court(s) and the number and style of the case(s) in which same were entered; (b) the offense(s) and sentence(s); (c) a specific response to each factual allegation and legal contention with applicable authority; (d) a statement as to whether Petitioner has exhausted all state remedies, either by appeal or collateral attack; and (e) a statement indicating what transcripts of pretrial, trial or plea, sentencing and post-conviction proceedings are available (or which may later be available) and when they can be furnished, and what proceedings have been recorded and not transcribed.

5. Moreover, if appropriate, the copy of Respondent's answer filed with the Court shall be accompanied by the following documents relating to the conviction(s) of the state court which Petitioner attacks: (a) copies of the indictment(s), judgment(s), sentence(s), and order(s) pursuant to which petitioner is being held; (b) if Petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of Petitioner's brief on appeal and a copy of the judgment(s) on appeal, the statement of facts on appeal, the opinion(s) of the appellate courts or a reference to where it or they may be found in the reports; (c) if Petitioner has collaterally attacked the judgment of conviction or order in a post-conviction proceeding, a copy of Petitioner's application for collateral relief including all answers and judgments rendered as a result; and (d) a copy of only such portions of the transcripts respondent considers relevant for the proper resolution of this action.

6. Unless otherwise instructed by the Court, each party shall serve the other party, or counsel, with a copy of every pleading and attachments thereto;[1] letter; or other document submitted for consideration by the Court, with the exception of state court records. Service shall be by mail to the other party. Petitioner must provide a copy of all future pleadings, motions, and correspondence filed with the Court to Respondent's counsel. Every pleading or document filed with the Clerk of Court shall contain a signed certificate stating the date a true and correct copy of the pleading or document was mailed and to whom mailed. Any pleading or other document received by the Clerk which fails to include the certificate of service will be returned to the submitting party. Failure to mail a copy of the pleadings as certified by the certificate will subject Petitioner to sanctions by the Court. There will be no direct communications with the U.S. District Judge or Magistrate Judge. Communications must be submitted to the Clerk with copies to the other party.

7. Whether Respondent elects to submit an answer or a dispositive motion (*i.e.*, a motion to dismiss or for summary judgment), Petitioner shall file any reply within **thirty (30) days** of the date reflected on the certificate of service. If Petitioner fails to comply on time, the Court may dismiss this case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

8. **The Clerk is DIRECTED to serve a copy of the petition (Dkt. No. 1), memorandum (Dkt. No. 2), and this Order by regular mail or electronically, if appropriate, upon:**

**(1) Respondent Eric Guerrero, P.O. Box 99, Huntsville, Texas 77342-0099;**

**(2) the Office of the Attorney General of the State of Texas, Attention: Tomee Heining, Acting Chief, Post-Conviction Litigation Division (Mail Code 066), P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548, and**

**(3) the Attorney General's Docketing Clerk at the following email address: Laura.Haney@texasattorneygeneral.gov.**

---

[1] *See Sixta v. Thaler*, 615 F.3d 569, 572-73 (5th Cir. 2010).

The Clerk is further **DIRECTED** to provide a copy of this Order to Petitioner.

It is so **ORDERED**.

**SIGNED** on April 28, 2026.

John A. Kazen
United States District Judge